IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| MATTHEW FREETHY-SWIMM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 120-168 |
| | ) | |
| WARDEN EDWARD PHILBIN; UNIT | ) | |
| MANAGER CLIFORD BROWN; | ) | |
| CORRECTION OFFICER FLUKER; | ) | |
| CORRECTION OFFICER MOSS; | ) | |
| CORRECTION OFFICER WADE; | ) | |
| CORRECTION OFFICER EVERET; and | ) | |
| CORRECTION OFFICER WOODS, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, incarcerated at Augusta State Medical Prison in Grovetown, Georgia, was one of five prisoners who attempted to join in bringing one lawsuit against the above-named Defendants.  See Wells v. Philbin, CV 120-134 (S.D. Ga. Nov. 19, 2020).  Chief United States District Judge J. Randal Hall, dismissed that improperly filed lawsuit without prejudice, directed the Clerk of Court to file five separate lawsuits, and directed Plaintiff Freethy-Swimm to submit his own motion to proceed in forma pauperis ("IFP") within twenty-one days of the Clerk opening a new lawsuit in his name.  Id., doc. no. 8.  A new case was opened on November 19, 2020.  The commencement of a civil action requires compliance with four specific criteria, including the presentation of the original complaint and the appropriate filing fee, or the original complaint and a petition to proceed IFP.  Local Rule 4.1,  The time to respond has

passed, and Plaintiff has not submitted an IFP motion or otherwise paid the filing fee.  Nor has he provided the Court with any explanation why he has not complied with Judge Hall's Order and the requirements of Local Rule 4.1.

## I.      DISCUSSION

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order.  Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (per curiam) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority:  Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, sua sponte . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1 (b) & (c).  Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned."  Owens v. Pinellas Cty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (per curiam) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

Here, Plaintiff's failure to file an IFP motion, pay the filing fee, or even to provide the Court with an explanation for his failure to comply with Judge Hall's Order amounts not only to a failure to prosecute and a violation of Local Rule 4.1, but also an abandonment of his case.

This is precisely the type of neglect contemplated by the Local Rules. Furthermore, because Plaintiff initially tried to proceed IFP in CV 120-134 and never submitted a filing fee in this case, the Court finds that the imposition of monetary sanctions is not a feasible sanction. Therefore, Plaintiff's case should be dismissed.

## II.    CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 13th day of January, 2021, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

3